# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **ABANCO INTERNATIONAL, INC.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 1071 ) |
| **GUESTLOGIX INC. d/b/a/ GUESTLOGIX CO.,** | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Guestlogix Inc. d/b/a/ Guestlogix Co. ("Guestlogix") is moving to dismiss counts III-V of the complaint brought by plaintiff Abanco International, Inc. ("Abanco") for failure to state a claim under FED. R. CIV. P. 12(b)(6). For the following reasons, the motion is denied in part and granted in part.

I.

Abanco is an inventor and provider of payment processing services and systems such as credit and debit card processing, gift cards, wireless systems for inventory control, payment processing and cash management. Guestlogix is in the business of providing supply chain management solutions to businesses engaged in the guest services industries. In 2003, the parties entered into a business relationship for purposes of supplying airline carriers with electronic "buy-on-board" systems; these systems would permit passengers to pay with credit cards for beverages and other items sold in-flight and facilitate the tracking of sales and inventory.

That same year, the parties entered into a Mutual Confidentiality Agreement ("Confidentiality Agreement"), a copy of which is attached to the complaint.

Abanco alleges that after entering into the Confidentiality Agreement it provided Guestlogix with information relating to "a valuable and proprietary system" ("the Abanco System") it had developed for in-flight processing of credit card transactions and for maintaining sales and inventory information. (Compl. at ¶ 6.) As stated in the complaint

> Abanco provided Guest[l]ogix with information relating to the Abanco System including information that was confidential, non-public, and proprietary and which constituted Abanco trade secrets. This information included: (1) data schemes for use in connection with pre-flight inventory control, in-flight retailing and post-flight data processing, (2) detailed information related to Abanco's process for authorizing credit cards and maintaining PCI (Payment Card Industry) compliance, (3) technical details related to Abanco's method for tracking the location of handheld devices, and (4) Abanco's process for tracking change owed to passengers for cash transactions and tying such information to specific transactions."

(Compl. at ¶ 9.)

In 2004, American Airlines is alleged to have initiated discussions with Abanco as a potential supplier of an electronic buy-on-board system. Guestlogix was also involved in this project; allegedly to assist Abanco in developing and supplying a discrete portion of the buy-on-board system.

The parties' relationship appears to have soured in 2006, when American Airlines notified Abanco that it did not wish to pursue

2

further negotiations regarding the buy-on-board system. Abanco alleges that Guestlogix continued to have direct communications with American Airlines and eventually entered into a contractual relationship with the airline regarding the development and operation of a buy-on-board program. Abanco further alleges that Guestlogix "has made use of components of the Abanco System and information obtained from Abanco relating to the Abanco System that is confidential, non-public, and proprietary and which constitutes trade secrets belonging to Abanco." (Compl. at ¶ 17.) Abanco also claims Guestlogix "has derived profits and competitive advantage from its use of components of the Abanco System and information obtained from Abanco." (Compl. at ¶ 18.)

The complaint contains claims for misappropriation of trade secrets under the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1 *et seq.* (2007) (Count I); breach of the Confidentiality Agreement (Count II); restitution/unjust enrichment (Count III); tortious interference with prospective economic advantage ("tortious interference") (Count IV); and conspiracy (Count V). Defendant is moving to dismiss counts III-V as preempted under the ITSA.

## II.

In assessing defendant's motion to dismiss, I must accept all well-pleaded facts in Guestlogix's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.

2002). I must view the allegations in the light most favorable to the plaintiff. *Christensen v. County of Boone, IL*, -- F.3d --, 2007 WL 841097, at *1 (7th Cir. Mar. 21, 2007); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal is proper only if the plaintiff can prove no set of facts to support his claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

Defendant argues counts III-V are preempted by the ITSA. Section 8 of the ITSA provides, in relevant part

> (a) Except as provided in subsection (b), this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret.
> (b) This Act does not affect:
> (1) contractual remedies . . . ;
> (2) other civil remedies that are not based upon misappropriation of a trade secret. . . .

756 ILCS 1065/8. The ITSA does not preempt claims that are not dependent upon the existence of trade secrets. *Hecny Transp., Inc. v. Chu*, 430 F.3d 402, 405 (7th Cir. 2005).

Plaintiff concedes that to the extent that these claims are dependent upon the misappropriation of trade secrets, they are preempted, but that counts III-V concern information which does not rise to the level of a trade secret. Plaintiff's position is not inconsistent with the language of counts III and IV of the complaint, which I must read in the light most favorable to plaintiff. Counts III and IV do not restrict the claims of

4

restitution/unjust enrichment and tortious interference to the misappropriation of trade secrets. Defendant mistakenly tries to argue that plaintiff has pled itself out of court on these claims because it alleged that "in connection with its continued development and operation of the American Airlines 'buy-on-board' program, Guest[l]ogix has made use of components of the Abanco System and information obtained from Abanco relating to the Abanco system that is confidential, non-public, and proprietary and which constitute trade secrets belonging to Abanco." (Compl. at ¶ 17.) However, the complaint also alleges that "Abanco provided Guest[l]ogix with information relating to the Abanco System *including* information that was confidential, non-public, and proprietary and which constituted Abanco trade secrets." (Compl. at ¶ 9) (emphasis added) and that "Guest[l]ogix has derived profits and competitive advantage from its use of components of the Abanco System and information obtained from Abanco." (Compl. at 18.) Viewing the allegations in the light most favorable to plaintiff, I find the complaint does not restrict its claims to the misappropriation of trade secrets, but may potentially include other "information obtained from Abanco" as well.

Defendant also argues that the complaint's description of the information as "valuable and proprietary" is generally consistent

with the definition of "trade secret" under the ITSA[1], and therefore the claims must be read to refer exclusively to trade secrets. I cannot equate the complaint's description of the information as "valuable and proprietary" with the definition of trade secrets under the ITSA at defendant's request. Moreover, the ITSA's definition of "trade secret" does not use the language "valuable and proprietary." Accordingly, defendant's motion to dismiss counts III and IV is denied.

With respect to count V, I cannot reasonably read the complaint to include information other than trade secrets as the underlying conspiracy. Count V alleges a conspiracy between Guestlogix and American Airlines against Abanco. The complaint provides that "American Airlines has made use of components of the Abanco System and information obtained from Abanco relating to the Abanco System that is confidential, non-public, and proprietary and which constitute trade secrets belonging to Abanco." (Compl. at ¶ 49.) Paragraph 51 of the complaint plainly states "American Airlines' actions constitute misappropriation of Abanco's trade

---

[1] Under the ITSA, a trade secret is "information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value . . . ; (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." 765 ILCS 1065/2(d).

secrets." Therefore, the tort underlying the conspiracy claim is the misappropriation of trade secrets and is preempted under the ITSA.

III.

For the foregoing reasons, I deny defendant's motion to dismiss counts III and IV; and grant defendant's motion to dismiss count V.

**ENTER ORDER:**

_____
  **Elaine E. Bucklo**
  United States District Judge

Dated: May 21, 2007